IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

777 OIL COMPANY, LLC                                    PLAINTIFF

VS.                        CIVIL ACTION NO. 5:21-CV-72-DCB-LGI

ROANN TILLER, EMMA WILLIAMS,

LINDA PETERSON, VELMA DICKER,

WILBERT CROCETT, CLARISSA

WASHINGTON AND JOSIE B. MOORE                          DEFENDANTS

<u>ORDER</u>

BEFORE THE COURT is Defendants' Motion for the Court to
Issue Any Other Appropriate Order in the Court Order of July 28,
2022 ("Motion"). [ECF No. 57]. After considering Defendants'
Motion and the applicable law, the Court determines that
Defendants' Motion should be and is hereby DENIED for the
reasons herein stated.

I.   Background

On July 28, 2022, the Court granted Plaintiff's Motion for
Summary Judgment and Declaratory Judgment. [ECF No. 45]. On
August 5, 2022, the Court issued its Amended Final Judgment in
this case. On August 22, 2022, Defendants filed Motions for
Extension of Time to File an Appeal, which cited a need to
secure new counsel. [ECF No. 48]; [ECF No. 49]; [ECF No. 50].
However, two days later, trial counsel filed a Rule 59(e) Motion
to Amend or Alter Final Judgment, which this Court denied on

1

September 13, 2022. [ECF No. 56]. On September 1, 2022, trial counsel filed a motion to withdraw, which this Court granted one week later, followed by a later order clarifying that the termination of representation extended to then-counsel's entire law firm. [ECF No. 55]; [ECF No. 59]. On September 28, 2022, the day on which any notice of appeal to be filed was due, Defendants filed the instant motion. [ECF No. 57].

II.   Law and Discussion

Defendants' pro se Motion does not fit neatly into any particular realm of post-judgment motions. On its face, this Motion prays that "this Court will consider the 'writ of coram nobis' in order to reconsider and adjust its findings…" [ECF No. 57] at 1. However, the Motion's title, "Defendants' Motion for the Court to Issue Any Other Appropriate Order in the Court Order of July 28, 2022," could reasonably be construed as 59(e) Motion to Alter or Amend a Judgment. As Plaintiff points out, that title could also be read to serve as a 60(b) Motion for Relief from a Final Judgment. [ECF No. 58] at 3. This Court will address why the Motion fails under all three approaches.

a. Writ of Coram Nobis

"Coram nobis is a writ of ancient common law origin" that has "been abolished in federal civil practice…" Puente v. United States, 676 F.2d 141, 145 (5th Cir. 1982). F.R.C.P. 60(e)

confirms that "[t]he following are abolished: bills of review, bills in the nature of bills of review, and <u>writs of coram nobis</u>, coram vobis, and audita querela."

A writ of coram nobis is inapplicable in this federal civil case and this Court will not disturb its judgment for such.

b. 59(e)

A post-judgment Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Judgment in this case was entered on July 28, 2022, with an amended judgment entered on August 5. [ECF No. 46]; [ECF No. 47].

Even if this Court did not dismiss this pending Motion as a repetitive post-judgment motion[1], a motion under this rule is time-barred, as well over 28 days passed between the entry of judgment and the filing of this Motion. Even if this Court were to recognize that the previous Rule 59(e) motion filed by Defendants' now-terminated trial counsel was an unauthorized filing that tolled the time limit, more than 28 days have still elapsed.

---

[1] "Successive post-judgment motions are 'condemned by well-established authority in this and other circuits.'" <u>Ramsey v. Management Training & Corporation</u>, Civ. No.: 5:20-cv170-DCB-MTP, 2022 U.S. Dist. LEXIS 121549 *2 (S.D. Miss., July 11, 2022) (quoting <u>Charles L.M. v. N.E. Indep. Sch. Dist.</u>, 884 F.2d 869, 870 (5th Cir. 1989); <u>Thomas v. Stafflink, Inc.</u>, 855 F. App'x 983, 984 (5th Cir. 2021)).

While this Court did grant an extension for Defendants to file an appeal, this post-judgment motion is not an appeal, and that extension did not extend the deadline to file a post-judgment motion. [ECF No. 52]. As a Rule 59(e) motion, it is untimely so as to warrant dismissal.

c. 60(b)

Rule 60(b) permits that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

F.R.C.P 60(b).

Defendants have failed to assert, let alone satisfy, the criteria set forth in 60(b). [ECF No. 57]. Subsections (1), (3), (4), and (5) are wholly irrelevant and do not warrant further

4

discussion. Defendants also cannot satisfy the requirements of subsections (2) or (6).

Rule 60(b)(2) evidence "must be in existence at the time of the final judgment and not discovered until after the final judgment." Parker v. Wal-Mart Stores, Inc., 251 F.R.D. 222, 226 (S.D. Miss. 2008). The evidence offered by Defendants, text entries describing conveyances of plots of land relevant to the dispute resolved by this Court's grant of summary judgment and final judgment, was known to this Court prior to judgment; it was relied on by Defendants in their response to Plaintiff's Motion for Summary Judgment. [ECF No 28-1;2;3;4;5]. Even had it not been brought to the Court's attention nor known to the Defendants prior to judgment, it could have been discovered "with reasonable diligence," thus precluding a 60(b)(2) claim.

"A motion filed pursuant to Rule 60(b)(6) requires a showing of 'extraordinary circumstances.'" Winding v. Sanders, Civ. Action No. 5:12-cv-88 (DCB) (JMR), 2013 U.S. Dist. LEXIS 112569 *2 (citing Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002)). Newly submitted evidence presented in support of a Rule 60(b)(6) motion "must establish a fact 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" (Est. of Boles v. Nat'l Heritage Realty, Inc., Civ. Action No. 4:07-CV-99-SA-DAS, 2010 U.S. Dist. LEXIS

68738 (N.D. Miss., July 9, 2010) (quoting Lavespere v. Niagra
Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990))
(internal citation omitted). Defendants have not presented new
evidence establishing any key facts that would make the Amended
Final Judgment "manifestly unjust."

   III. Conclusion

   Defendants have once more "rehashed arguments that were
addressed in the July 28 Order Granting Summary Judgment and the
August 5 Amended Final Judgment [ECF No. 45]; [ECF No. 47] while
alleging manifest injustice where there is none. [ECF No. 51] at
2-4." [ECF No. 56] at 3. This Court need not disturb its earlier
judgment.

   Accordingly, this Court hereby DENIES Defendants' Motion
for the Court to Issue Any Other Appropriate Order in the Court
Order of July 28, 2022. [ECF No. 57].

   SO ORDERED, this the 26th day of October, 2022.

                              /s/ David Bramlette
                              DAVID C. BRAMLETTE III
                              UNITED STATES DISTRICT JUDGE